## 43600. SMITH v. HOOKS.

JORDAN, Presiding Judge. Pursuant to an affidavit and bond of the plaintiff in attachment dated November 14, 1967, a deputy sheriff on December 8, 1967, levied on three motor vehicles, but his entry does not show on whose property he levied. The defendant moved on January 19, 1968, to dismiss the attachment on the sole ground that the plaintiff had not filed a declaration in attachment within the time prescribed by law. On January 20, 1968, a deputy sheriff levied on two vehicles, similarly described as two of the vehicles previously levied upon, his entry showing the vehicles to be the property of the defendant and in his possession. On January 26, 1968, the date scheduled for a hearing on the motion to dismiss the attachment, the parties stipulated that the plaintiff had never filed any declaration. The defendant appeals from the order of the trial judge of the same date overruling the motion. The plaintiff, as the appellee in this court, suggests in his brief that the order is now moot because on January 30, 1968, the defendant filed a petition and was adjudged a bankrupt in the District Court of the United States for the Southern District of Georgia. *Held:*

1. If we assume as true the statement in the plaintiff's brief that the defendant filed his petition and was adjudged a bankrupt on January 30, 1968, it does not necessarily follow under Subsection 107 (a) (1) of Title 11, U.S.C., upon which the plaintiff relies, that the appeal is moot, for this statute, declaring that every lien obtained by attachment within four months

of the filing of a petition initiating a proceeding in bankruptcy shall be deemed null and void, includes, among other conditions, "if at the time such lien was obtained such person was insolvent," and there is no basis for this court to assume that the defendant in attachment became insolvent at any particular time preceding the filing of his bankruptcy petition. Under the record before this court whether the lien is invalid because of bankruptcy proceedings is not in issue.

2. The original levy on December 8, 1967, was invalid in that the entry failed to show that the property levied upon was that of the defendant in attachment, and by such a levy the court to which the attachment was returnable acquired no jurisdiction. Nothing else appearing, the attachment was at that time subject to dismissal for lack of jurisdiction. *Walden v. Barwick*, 72 Ga. App. 508 (2) (34 SE2d 551).

3. The jurisdictional defect by reason of the invalid levy, however, was cured by the levy on January 20, 1968, in respect to the property then levied upon as the property of the defendant, and the motion to dismiss the attachment, considered subsequently to and in respect to this levy, was premature when the lower court overruled it on January 26, 1968, for *Code* § 8-117 as amended (Ga. L. 1962, pp. 520, 521) allows the plaintiff in attachment 15 days after levy to file his declaration.

4. For the reasons above shown, the trial judge did not err in overruling the motion to dismiss the attachment.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

SUBMITTED MAY 8, 1968—DECIDED MAY 15, 1968—
REHEARING DENIED JUNE 5, 1968.

*Williams, Smith & Shepherd, Sidney B. Shepherd,* for appellant. *Spivey & Carlton, Milton A. Carlton,* for appellee.